CAUSE NO. 2007-31253

| | | |
|---|---|---|
| IAN GREENWOOD, CASEY GREENWOOD, | § | IN THE DISTRICT COURT OF |
| and JOSEPH GREENWOOD, individually | § | |
| and as Representatives of the Estate of | § | |
| ROY GREENWOOD, deceased | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY TOWER SERVICES, LTD., | § | |
| AMERICAN TOWER, L.P., and SPRINT | § | |
| SPECTRUM, L.P. d/b/a SPRINT SITES | § | |
| U.S.A. | § | |
| **Defendants.** | § | 55th JUDICIAL DISTRICT |

## REMOVAL NOTICE

Pursuant to 28 U.S.C. §1446(d), Defendant Sprint Spectrum, L.P. d/b/a Sprint

Sites U.S.A. notifies the Court of the removal of the above numbered and styled cause to

the United States District Court for the Southern District of Texas – Houston Division.  A

copy of the Notice of Removal filed with the federal court is attached as Exhibit "A."

Respectfully submitted,

STEWART & WILEY LLP

By: _____

Rob L. Wiley
Texas Bar No.
2203 Timberloch Pl. #126
The Woodlands, TX 77380
Telephone:  281-367-8007
Facsimile:  281-363-4987

ATTORNEYS FOR DEFENDANT
SPRINT SPECTRUM, L.P. d/b/a
SPRINT SITES U.S.A.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing pleading was served by certfied mail, return receipt requested, on the 21st day of March, 2008, on the following counsel of record:

Robert R. Debes, Jr.
Debes Law Firm
17 S. Briar Hollow Lane
Suite 302
Houston, TX  77027
Attorney for Plaintiffs Ian Greenwood
and Casey Greenwood

Micky N. Das
Tyler & Das
2000 Bering Drive
Suite 370
Houston, TX  77057
Attorney for Plaintiff Joseph Greenwood

Stephen O. Grubbs
Sheehy, Serpe & Ware, P.C.
909 Fannin, Ste. 2500
Houston, TX  77010
Attorney for Defendant
Quality Tower Services, Ltd.

Timothy J. Casper
Handlin & Associates
2777 Allen Parkway
Suite 370
Houston, TX  77019
Attorney for Defendant
American Tower Corporation

_____
Rob L. Wiley

NO. **2007 - 31253**



| | | |
|---|---|---|
| IAN GREENWOOD, CASEY GREENWOOD, and, JOSEPH GREENWOOD, individually and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased<br>    *Plaintiffs,* | § § § § § § § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| QUALITY TOWER SERVICES, LTD., and AMERICAN TOWER CORPORATION,<br>    *Defendants.* | § § § § | **55** JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, IAN GREENWOOD, CASEY GREENWOOD, and JOSEPH GREENWOOD, Individually, and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased (collectively referred to as "Plaintiffs"), complaining of Defendants, QUALITY TOWER SERVICES, LTD. and AMERICAN TOWER CORPORATION, and for cause of action would respectfully show the Court as follows:

### I. Discovery Plan

Plaintiffs intends to conduct discovery pursuant to TRCP 190.4 (Level 3). Plaintiffs also request a docket control order be entered by the Court regarding this matter.

### II. Parties

Ian Greenwood, Casey Greenwood, and Joseph Greenwood, are surviving children of decedent Roy Greenwood. Together they bring this wrongful death action for the benefit of all, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(b).

The survival portion of this petition is brought by Ian Greenwood, Casey Greenwood, and Joseph Greenwood, as surviving children of Roy Greenwood. These individuals constitute all the legal heirs of Roy Greenwood, and these individuals qualify as the legal representative of the Estate of Roy Greenwood, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.021. No estate administration is pending, necessary, or required.

Plaintiff, Ian Greenwood, is a natural person and is a resident of Manila, Arkansas. Plaintiff, Casey Greenwood, is a natural person and is a resident of Manila, Arkansas. Plaintiff Joseph Greenwood, is a natural person and is a resident of Atlanta, Georgia. Decedent Roy Greenwood, died intestate and no will of decedent exists.

Defendant, Quality Tower Services, Ltd. ("Quality Tower"), is a duly formed Texas limited partnership, organized and existing under the laws of the State of Texas, and may be served with process by serving its attorney, Steve O. Grubbs, Sheehy, Serpe & Ware, P.C., 2500 Two Houston Center, 909 Fannin Street, Houston, Texas 77010-1008.

Defendant, American Tower Corporation ("American Tower"), is a Delaware corporation, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

### III.  Venue and Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this suit. All conditions precedent to the filing of this suit have occurred or been met. Defendant, Quality Tower Services, Ltd., maintains their principal offices in Harris County, Texas. Therefore, venue is proper in Harris County, Texas pursuant to *inter alia*, Section 15.002 of the Civil Practices & Remedies Code. Plaintiffs seeks damages within the jurisdictional limits of this Court.

### IV.  Brief Factual Background

On the afternoon of April 10, 2006, Roy Greenwood was working for his employer, Quality Tower Services, Ltd., at a cellular phone tower constructed and/or owned by American Tower Corporation (company tower site number designated as 35009), located at 8245 Woodlands Parkway, The Woodlands, Montgomery County, Texas.[1] Two other Quality Tower employees, Randy White and Brackston Jackson, were working with Roy Greenwood at the tower site on April

---

[1] The exact tower site location is uncertain. Police reports indicate the address as 8245 Woodlands Parkway; however, American Tower records found at www.americantower.com indicate that tower site number 35009 is located at 29005 Sweet Bay Circle, Magnolia, Texas 77354. Photos from the accident scene demonstrate a sign posted at the tower site indicating the site is owned and/or controlled by American Tower and site number 35009.

2

10, 2006.  Quality Tower, and its employees, were invitees, working on the tower with the permission of American Tower, and were installing cellular phone antennas and associated materials on the tower at the tower site.

While in the course and scope of his employment with Quality Tower, Roy Greenwood was at a height of at least one hundred fifty (150) feet, when a failure of materials attached to the tower and/or failure of his safety equipment caused him to fall to his death. A co-worker at the site described hearing a "snap" sound, followed by Mr. Greenwood's screams as he was falling.  Despite suffering horrendous, severe and fatal internal and external injuries to his body due to the impact, Roy Greenwood survived and was able to talk to his co-workers for a short period of time. Emergency personnel arrived at the tower site, determined that Mr. Greenwood was still alive but non-responsive, and attempted to perform life-saving procedures; however, Mr. Greenwood expired at the tower site.

It was later determined that a non-load bearing, metal "wave guide bracket" had broken free from the tower.  The non-load bearing wave guide bracket was inappropriately welded to the tower in close proximity to load bearing safety steps and/or load bearing climbing pegs.

### V.  Gross Negligence – Quality Tower Services

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant Quality Tower Services.  Such acts and/or omissions, when viewed objectively from the standpoint of Quality Tower, constitute such an entire want of care as to show that the conduct in question was the result of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood.  Said acts and/or omissions constitute gross negligence as that term has meaning under Texas law. Specifically, without limitation, Plaintiffs allege the following:

1.    Quality Tower failed to comply with the requirements and standards specified by the Occupational Safety and Health Administration (OSHA) ;

3

2.    Quality Tower failed to inspect the tower for defects or hazards that could result in serious injuries or death;

3.    Quality Tower failed to comply with the industry safety requirements and standards for individuals such as Roy Greenwood, working at great heights;

4.    Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required in the use of safety devices;

5.    Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required to recognize and avoid hazards while working at great heights;

6.    Quality Tower failed to perform annual and/or frequent inspections and review of the standard safety procedures and/or equipment used by employees such as Roy Greenwood;

7.    Quality Tower failed to facilitate safety meetings on a regular basis for employees such as Roy Greenwood;

8.    Quality Tower's failed to provide a safe work environment; and

9.    Such other acts and/or omissions that may be developed during the discovery and trial phases of this suit.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were a proximate cause of Plaintiffs' damages as alleged herein and for which Plaintiffs sue.

## VI. Negligence and Gross Negligence – American Tower Corporation

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant American Tower Corporation. Such acts and/or omissions constitute negligence and gross negligence as those terms have meaning under Texas law. Additionally, such acts and/or omissions, when viewed objectively from the standpoint of American Tower, constitute such an entire want of care as to show that the conduct in question was the result

4

of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Specifically and without limitation, Plaintiffs allege the following:

1. Roy Greenwood, by and through his employer, Quality Tower, was a business invitee on the tower constructed by and/or controlled by and/or and/or operated by and/or owned by American Tower;

2. American Tower, negligently constructed the tower in question;

3. To the extent American Tower is the property owner of the real property on which the tower was erected, American Tower :

(i) exercised and retained some control over the manner in which work by Roy Greenwood and/or Quality Tower was performed on the site and tower ;

(ii) created and/or had actual knowledge of the defective, dangerous, and/or negligent placement of the non-load bearing wave guide bracket in close proximity to load bearing safety steps; and

(iii) failed to adequately warn Roy Greenwood of the dangers associated with the placement of the non-load bearing wave guide brackets;

4. American Tower failed to reduce or eliminate the dangers associated with the placement of the non-load bearing wave guide brackets; and

5. Such other acts and/or omissions that constitute negligence and/or gross negligence and may be developed and/or established during the discovery trial phase of this matter.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were the proximate cause of Plaintiffs' damages and injuries for which Plaintiffs sues.

## VII. Res Ipsa Loquitur

In addition and/or in alternative to the extent required by Texas law, Plaintiffs rely on the doctrine *Res Ipsa Loquitur*.

The construction, maintenance, and control of the tower and tower site was within the exclusive control of American Tower. Defendant failed to properly inspect and maintain the tower

and tower site in a manner to avoid injuries and death such as Roy Greenwoods. American Tower knew at all times that workers, such as Roy Greenwood, would be tasked with working at great heights upon the tower. Roy Greenwood had no means of ascertaining whether the tower that was owned and/or constructed and/or maintained and/or controlled by American Tower was safe for his job duties. The occurrence causing death to Roy Greenwood, is one which in the ordinary course of events would not have occurred without the negligence and/or gross negligence of Defendant American Tower.

Such acts and/or omissions of negligence and/or gross negligence was a proximate cause of the damages sustained by Plaintiffs as alleged herein and for which Plaintiffs sue.

### VIII.  Other Claims

Plaintiffs further assert all other legal causes of action against Defendants and any related entity of Defendants including any predecessors and successors in interest, any individuals who have fraudulently or otherwise depleted the assets of the Defendants herein, and any other person responsible for the loss alleged herein, which may exist at law arising from the facts and events described herein, including breach of express and implied warranty, negligence, negligent infliction of emotional distress, misrepresentation (statutory and common law) and all other legal theories cognizable at law which arise from the facts generally alleged herein. The named Defendants herein is sued as the agent of any unidentified culpable parties who will be substituted and/or added as named Defendants once identified to Plaintiffs.

### IX.  Damages

Roy Greenwood, suffered fatal physical injuries due to the impact that resulted from his fall from the tower. As a result, he sustained crushing blunt force trauma to his body, as well as severe conscious pain, suffering, and mental anguish. In addition, Plaintiffs have paid, or incurred liability to pay, reasonable and necessary medical expenses and/or reasonable and necessary funeral and burial expenses as a result of the actions and/or omissions of Defendants. Therefore, Plaintiffs hereby brings suit for all damages due in an amount in excess of the minimal jurisdictional limits of this Court.

Roy Greenwood, was fifty-one (51) years old at the time of his death. Mr. Greenwood had been employed by Defendant, Quality Tower, and reasonably expected to continue such employment until retirement. During his lifetime, Greenwood, was industrious and energetic, a father, and provider. Mr. Greenwood was divorced, but still managed to give advice, counsel, comfort, and care to his three sons as best he knew how. In all reasonable probability, Mr. Greenwood would have continued to do so, and caring for and supporting his children, assisting in providing for their education and other needs.

As a result of the untimely death of Roy Greenwood, Plaintiffs have suffered and will continue to suffer into the future a pecuniary loss from his death, including loss of contributions of pecuniary value which they would have, in reasonable probability, received from Roy Greenwood, during their lifetime, had Mr. Greenwood lived, in the form of inheritance at his death. In addition, Plaintiffs have suffered, and will continue to suffer, damage to the child/parent relationship, including loss of love, affection, solace, comfort, companionship, society, assistance, emotional support, and love. All wrongful death beneficiaries suffered mental depression and anguish, grief, and sorrow as a result of the death of their father, and in all reasonable probability will continue to suffer for a long time into the future. For all the foregoing losses, Plaintiffs seeks damages in excess of the minimum jurisdictional limits of this Court.

In addition, the grievous conduct of Defendants, as outlined herein, constitutes conscious indifference to the rights of Plaintiffs, amounting to gross negligence as that term has meaning under Texas law, thereby justifying the imposition of exemplary damages in the greatest amount allowed by law. Plaintiffs, therefore, seek recovery of exemplary damages in an amount in excess of the minimal jurisdictional limits of this Court .

## X. Interest and Costs of Court

Plaintiffs further plead for pre-judgment and post-judgment interest at the highest maximum rate allowed by law and all costs of court.

## XI. Jury Demand

Plaintiffs hereby demand trial by jury.

7

## XII.  Discovery

Plaintiffs requests, pursuant to T.R.C.P. 194, for all Defendants to make disclosures under 194.2 (a) - (l).

## XIII.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendants, jointly and severally, for the full amount of their actual damages, for exemplary damages, for pre-judgment and post-judgment interest, for costs of court and for such other and further relief, general or special, by law or statute,  in law or in equity, to which Plaintiffs  may show themselves justly entitled.

Respectfully submitted,

**DEBES LAW FIRM**

ROBERT R. DEBES, JR.
State Bar No. 05626150
Adam D. Courtin
State Bar No. 24053153
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 Telephone
(713) 623-0951 Facsimile
**Attorney for Plaintiffs Ian and Casey
Greenwood, in all capacities**

Micky N. Das
State Bar No. 05402300
Tyler & Das
2000 Bering Dr., Suite 370
Houston, Texas 77057
(713) 739-1900 Telephone
(713) 739-8347 Facsimile
**Attorneys for Plaintiff Joseph
Greenwood, in all capacities**

8

CAUSE NO. 2007-31253



| | | |
|---|---|---|
| IAN GREENWOOD, CASEY GREENWOOD, | § | IN THE DISTRICT COURT OF |
| and, JOSEPH GREENWOOD, individually | § | |
| and as Representatives on behalf of the Estate | § | |
| of ROY GREENWOOD, deceased | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY TOWER SERVICES, LTD and | § | |
| AMERICAN TOWER CORPORATION | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**AMERICAN TOWER CORPORATION Defendant,** files its **Original Answer** in this cause:

## I.

## GENERAL DENIAL

The Defendant asserts a general denial to all of the Plaintiffs' claims and causes of action pursuant to TEX. R. CIV. P. 92.

## II.

## AFFIRMATIVE DEFENSES

The Defendant also asserts the following affirmative defenses:

The alleged injuries and damages made the subject of this lawsuit were all caused by the acts of third parties over whom this Defendant had no control, and for whom this Defendant had no responsibility. Alternatively, the subject incident was caused by the negligence of other parties.

The alleged injuries and damages made the subject of this lawsuit were caused by the contributory negligence of Roy Greenwood, deceased.

## III.

### JURY DEMAND

The Defendant demands a trial by jury pursuant to TEX. R. CIV. P. 216.

### IV.

### RELIEF REQUESTED

For the reasons stated, **AMERICAN TOWER CORPORATION Defendant,** respectfully requests that, upon the trial of this case, the Plaintiff takes nothing by reason of this lawsuit; and that it be released and discharged with her costs as to all of the Plaintiffs' claims and causes of action. The Defendant also requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

HANDLIN & ASSOCIATES

Timothy J. Casper
State Bar No. 00786925
2777 Allen Parkway, Suite 370
Houston, Texas 77019
713-831-4800
713-831-4848 (fax)
ATTORNEY FOR DEFENDANT
AMERICAN TOWER CORPORATION

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Defendant American Tower Corporation's Original Answer has been forwarded by Certified Mail, Return Receipt Requested, Fax, Hand Delivery and/or Regular Mail, on this the _____ day of June, 2007.

Robert R. Bebes, Jr.                          *via* fax:  (713) 623-0951
Adam D. Courtin
Debes Law Firm
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027

Micky N. Das                                  *via* fax:  (713) 739-8347
Tyler & Das
2000 Bering Dr. Suite 370
Houston, Texas 77057


_____
Timothy J. Casper

NO. 2007-31253

| | | |
|---|---|---|
| IAN GREENWOOD and CASEY | § | IN THE DISTRICT COURT OF |
| GREENWOOD and JOSEPH GREENWOOD | § | |
| Individually and as Representatives on behalf | § | |
| of the Estate of ROY GEENWOOD, Deceased | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| QUALITY TOWER SERVICES, LTD | § | |
| and AMERICAN TOWER CORPORATION. | § | 55TH JUDICIAL DISTRICT |

## DEFENDANT QUALITY TOWER SERVICES, LTD.'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW QUALITY TOWER SERVICES, LTD., Defendant in the above cause, and files its Original Answer as follows:

1.1     Pursuant to Rule 92, TEX. R. CIV. PROC., this Defendant generally denies each and every allegation of Plaintiffs and on the trial of this cause demands strict proof of Plaintiffs' allegations by clear and convincing evidence, as required by TEX. CIV. PRAC. & REM. CODE ANN. §41.003.

1.2     Pleading alternatively, without admitting any allegations of the petition, any causal connection that may have existed, which is expressly denied, between any alleged act and/or omission of negligence or gross neglect of Defendant, and Plaintiffs' claimed damages, was broken by independent, intervening causes.

1.3     Pleading additionally or in the alternative, without waiver of the foregoing, Defendants will show Plaintiffs' complaints, if true, were the result of an unavoidable complication or unavoidable accident, or Act of God, and not of any gross neglect of Defendant.

1.4     Pleading alternatively, if Plaintiffs' complaints are true, which is denied, then Plaintiffs' damages, if any, would have been caused, in whole or in part, by the acts or omissions

of third parties over whom this Defendant had no control or right of control and for which this Defendant cannot be held liable.

1.5     Pleading alternatively, Defendant invokes the liability limitations of §§ 41.007, 41.008, 41.010, and 41.011, et seq. TEX. CIV. PRAC. & REM. CODE.

1.6     Defendant avails itself of the affirmative defenses contained in the Texas Labor Code including the exclusive remedy provisions of the Texas Workers Compensation Act. (See Tex. Labor Code §§ 408.001(a) and (b).)

1.7     Pleading alternatively, Defendant avers that the sole proximate cause of the accident in question was the negligent acts of Roy Greenwood, deceased.  In addition, because Defendant claims that the occurrence in question was caused by, or solely caused by the negligence, contributory negligence or intentional act of the decedent himself such that any finding of negligence or gross negligence and exemplary damages against this Defendant is barred.  See Tex. Civ. Prac. & Rem §33.001, et. seq.; see also *Rosell v. Central W. Motor Stages*, 89 S.W.3d 643, 661 (Tex.App.--Dallas 2002, n.p.h.).

1.8     This allegation is for the court only.  Defendant argues that the burden of proof in the present case is unconstitutional. In a case where punitive damages are being sought, the appropriate burden of proof should be based on a "beyond a shadow of a doubt" standard. Punitive damage awards serve the same purposes as criminal penalties therefore the defendant should be given the same protection of similar criminal proceedings.  See *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); see also *O'Canas v. State*, 140 S.W.3d 695 (Tex. App. -- Dallas 2003, pet. ref'd), citing *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App 2000).

## JURY DEMAND

2.0     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and the requisite fee has previously been tendered.

WHEREFORE, PREMISES CONSIDERED, Defendant, QUALITY TOWER SERVICES, LTD., respectfully prays that on trial of this cause it be adjudged that Plaintiffs take nothing and Defendant be discharged with its costs and for all such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

**SHEEHY, SERPE & WWARE, P.C.**

By: _____

Steven O. Grubbs
State Bar No. 00796683
Michael G. Brannon
State Bar No. 24012324
Leslie Palenius Shores
State Bar No. 15423550
909 Fannin, Suit 2500
Houston, Texas 77010
(713) 951-1000 (Telephone)
(713) 289-2814 (Telecopier)

ATTORNEYS FOR DEFENDANT
QUALITY TOWER SERVICES, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served upon all known counsel of record by certified mail, return receipt requested; regular mail; hand delivery; or facsimile transmission on the ____5th____ day of June 2007.

Steven O. Grubbs

1137543-1



NO. 2007-31253

| | | |
|---|---|---|
| IAN GREENWOOD, CASEY GREENWOOD, and, JOSEPH GREENWOOD, individually and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased<br>*Plaintiffs*, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| QUALITY TOWER SERVICES, LTD., and AMERICAN TOWER, L.P.<br>*Defendants*. | §<br>§<br>§ | 55th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs, IAN GREENWOOD, CASEY GREENWOOD, and JOSEPH GREENWOOD, Individually, and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased (collectively referred to as "Plaintiffs"), complaining of Defendants, QUALITY TOWER SERVICES, LTD. and AMERICAN TOWER, L.P.,[1] and for cause of action would respectfully show the Court as follows:

### I. Parties

Ian Greenwood, Casey Greenwood, and Joseph Greenwood, are the surviving children of decedent Roy Greenwood. Together they bring this wrongful death action for the benefit of all, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(b).

The 'survival' portion of this petition is brought by Ian Greenwood, Casey Greenwood, and Joseph Greenwood, as surviving children of Roy Greenwood. These individuals constitute all the legal heirs of Roy Greenwood, and these individuals qualify as the legal representative of the Estate of Roy Greenwood, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.021. No estate administration is pending, necessary, or required.

---

[1] This amended petition is filed in order to properly identify the owner of the tower where Roy Greenwood was working at the time of his death.

Plaintiff, Ian Greenwood, is a natural person and is a resident of Manila, Arkansas. Plaintiff, Casey Greenwood, is a natural person and is a resident of Manila, Arkansas. Plaintiff Joseph Greenwood, is a natural person and is a resident of Atlanta, Georgia. Decedent Roy Greenwood, died intestate and no will of decedent exists.

Defendant, Quality Tower Services, Ltd. ("Quality Tower"), has appeared in this case and may be served with a copy of this pleading through its attorney, Steven O. Grubbs.

Defendant, American Tower, L.P. ("American Tower"), has appeared in this case and may be served with a copy of this pleading through its attorney, Timothy J. Casper.

## II. Venue and Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this suit. All conditions precedent to the filing of this suit have occurred or been met. Defendant, Quality Tower Services, Ltd., maintains their principal offices in Harris County, Texas. Therefore, venue is proper in Harris County, Texas pursuant to *inter alia*, Section 15.002 of the Civil Practices & Remedies Code. Plaintiffs seeks damages within the jurisdictional limits of this Court.

## III. Brief Factual Background

On the afternoon of April 10, 2006, Roy Greenwood was working for his employer, Quality Tower Services, Ltd., at a cellular phone tower (the "Tower") located in The Woodlands, Texas. Roy was working with two other Quality Tower employees that day, Randy White and Brackston Jackson. Roy was up on the Tower about 155 - 160 feet high. Mr. Jackson and Mr. White were on the ground.

Roy's co-workers heard a "snap." They looked up and saw Roy falling to the Earth, screaming desperately the whole way down. Despite suffering horrendous injuries, Roy survived the fall and was able to talk to his co-workers for a short period of time. Emergency personnel arrived soon thereafter, and despite their heroic efforts, Roy died.

The Occupational Safety and Health Administration (OSHA) conducted an investigation the day after the accident and found that Roy's employer, Quality Tower, violated OSHA fall protection

standards in at least two regards: (1) failing to ensure that Roy had and utilized a 'safety grab device' and (2) failing to ensure that a lifeline was secure above the point of operation.

It was also later determined that a "wave guide bracket" – which is normally used to secure coaxial cable to the Tower, had broken off. This wave guide bracket was inappropriately welded to the Tower in close proximity to load bearing safety steps and/or load bearing climbing pegs.

The Tower is owned by American Tower and was constructed by and/or at the direction of American Tower. American Tower leased out various sections of the Tower to four (4) wireless cell phone companies, including Verizon Wireless, Cingular/AT&T, Sprint, and Cricket Wireless. On the day of Roy's accident, Roy was an 'invitee,' working on the Tower with the permission of American Tower and at the request of Cricket Wireless. Cricket Wireless had hired Quality Towers to install cellular phone antennas and associated materials on the Tower. Roy was on the crew assigned to do so.

### IV. Gross Negligence – Quality Tower Services

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant Quality Tower Services. Such acts and/or omissions, when viewed objectively from the standpoint of Quality Tower, constitute such an entire want of care as to show that the conduct in question was the result of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Said acts and/or omissions constitute gross negligence as that term has meaning under Texas law. Specifically, without limitation, Plaintiffs allege the following:

1.  Quality Tower failed to comply with the requirements and standards specified by the Occupational Safety and Health Administration (OSHA) for fall protection ;

2.  Quality Tower failed to inspect the Tower for defects or hazards that could result in serious injuries or death;

3.  Quality Tower failed to comply with the industry safety requirements and standards for individuals such as Roy Greenwood, working at great heights;

3

4.     Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required in the use of safety devices;

5.     Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required to recognize and avoid hazards while working at great heights;

6.     Quality Tower failed to perform annual and/or frequent inspections and review of the standard safety procedures and/or equipment used by employees such as Roy Greenwood;

7.     Quality Tower failed to facilitate safety meetings on a regular basis for employees such as Roy Greenwood;

8.     Quality Tower's failed to provide appropriate fall safety protection equipment and a safe work environment; and

9.     Such other acts and/or omissions that may be developed during the discovery and trial phases of this suit.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were a proximate cause of Plaintiffs' damages as alleged herein and for which Plaintiffs sue.

## V. Negligence and Gross Negligence – American Tower

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant American Tower. Such acts and/or omissions constitute negligence and gross negligence as those terms have meaning under Texas law. Additionally, such acts and/or omissions, when viewed objectively from the standpoint of American Tower, constitute such an entire want of care as to show that the conduct in question was the result of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Specifically and without limitation, Plaintiffs allege the following:

4

1. Roy Greenwood, by and through his employer, Quality Tower, was a business invitee on the Tower constructed by and/or controlled by and/or and/or operated by and/or owned by American Tower;

2. American Tower negligently constructed the Tower in question;

3. To the extent American Tower is the property owner of the real property on which the Tower was erected, American Tower :

   (i) exercised and retained some control (or the right of control) over the manner in which work by Roy Greenwood and/or Quality Tower was performed on the site and tower ;

   (ii) created and/or had actual knowledge of the defective, dangerous, and/or negligent placement of the non-load bearing wave guide bracket in close proximity to load bearing safety steps; and

   (iii) failed to adequately warn Roy Greenwood of the dangers associated with the placement of the non-load bearing wave guide brackets;

4. American Tower failed to reduce or eliminate the dangers associated with the placement of the non-load bearing wave guide brackets; and

5. Such other acts and/or omissions that constitute negligence and/or gross negligence and may be developed and/or established during the discovery trial phase of this matter.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were the proximate cause of Plaintiffs' damages and injuries for which Plaintiffs sues.

## VI. Res Ipsa Loquitur

In addition and/or in alternative to the extent required by Texas law, Plaintiffs rely on the doctrine *Res Ipsa Loquitur.*

The construction, maintenance, and control of the Tower was within the exclusive control of American Tower.  Defendant failed to properly inspect and maintain the Tower in a manner to avoid injuries and death such as Roy Greenwoods. American Tower knew at all times that workers,

5

such as Roy Greenwood, would be tasked with working at great heights upon the Tower. Roy Greenwood had no means of ascertaining whether the Tower that was owned and/or constructed and/or maintained and/or controlled by American Tower was safe for his job duties. The occurrence causing death to Roy Greenwood, is one which in the ordinary course of events would not have occurred without the negligence and/or gross negligence of Defendant American Tower.

Such acts and/or omissions of negligence and/or gross negligence was a proximate cause of the damages sustained by Plaintiffs as alleged herein and for which Plaintiffs sue.

### VII. Other Claims

Plaintiffs further assert all other legal causes of action against Defendants and any related entity of Defendants including any predecessors and successors in interest, any individuals who have fraudulently or otherwise depleted the assets of the Defendants herein, and any other person responsible for the loss alleged herein, which may exist at law arising from the facts and events described herein, including breach of express and implied warranty, negligence, negligent infliction of emotional distress, misrepresentation (statutory and common law) and all other legal theories cognizable at law which arise from the facts generally alleged herein. The named Defendants herein is sued as the agent of any unidentified culpable parties who will be substituted and/or added as named Defendants once identified to Plaintiffs.

### VIII. Damages

Roy Greenwood, suffered fatal physical injuries due to the impact that resulted from his fall from the Tower. As a result, he sustained crushing blunt force trauma to his body, as well as severe conscious pain, suffering, and mental anguish. In addition, Plaintiffs have paid, or incurred liability to pay, reasonable and necessary medical expenses and/or reasonable and necessary funeral and burial expenses as a result of the actions and/or omissions of Defendants. Therefore, Plaintiffs hereby brings suit for all damages due in an amount in excess of the minimal jurisdictional limits of this Court.

Roy Greenwood, was fifty-one (51) years old at the time of his death. Mr. Greenwood had been employed by Defendant, Quality Tower, and reasonably expected to continue such employment

until retirement.   During his lifetime, Greenwood, was industrious and energetic, a father, and provider. Mr. Greenwood was divorced, but still managed to give advice, counsel, comfort, and care to his three sons as best he knew how.  In all reasonable probability, Mr. Greenwood would have continued to do so, and caring for and supporting his children, assisting in providing for their education and other needs.

As a result of the untimely death of Roy Greenwood, Plaintiffs have suffered and will continue to suffer into the future a pecuniary loss from his death, including loss of contributions of pecuniary value which they would have, in reasonable probability, received from Roy Greenwood, during their lifetime, had Mr. Greenwood lived, in the form of inheritance at his death.  In addition, Plaintiffs have suffered, and will continue to suffer, damage to the child/parent relationship, including loss of love, affection, solace, comfort, companionship, society, assistance, emotional support, and love.  All wrongful death beneficiaries suffered mental depression and anguish, grief, and sorrow as a result of the death of their father, and in all reasonable probability will continue to suffer for a long time into the future.  For all the foregoing losses, Plaintiffs seeks damages in excess of the minimum jurisdictional limits of this Court.

In addition, the grievous conduct of Defendants, as outlined herein, constitutes conscious indifference to the rights of Plaintiffs, amounting to gross negligence as that term has meaning under Texas law, thereby justifying the imposition of exemplary damages in the greatest amount allowed by law.  Plaintiffs, therefore, seek recovery of exemplary damages  in an amount in excess of the minimal jurisdictional limits of this Court .

## IX.  Interest and Costs of Court

Plaintiffs further plead for pre-judgment and post-judgment interest at the highest maximum rate allowed by law and all costs of court.

## X.  Jury Demand

Plaintiffs hereby demand trial by jury.

## XI.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendants, jointly and severally, for the full amount of their actual damages, for exemplary damages, for pre-judgment and post-judgment interest, for costs of court and for such other and further relief, general or special, by law or statute,  in law or in equity, to which Plaintiffs  may show themselves justly entitled.

Respectfully submitted,

**DEBES LAW FIRM**

ROBERT R. DEBES, JR.
State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 Telephone
(713) 623-0951 Facsimile

**Attorney for Plaintiffs, Ian and Casey Greenwood, in all capacities**

**TYLER &DAS**

MICKY N. DAS
State Bar No.05402300
2000 Bering Dr., Suite 370
Houston, Texas 77057
(713) 739-1900 Telephone
(713) 739-8347 Facsimile

**Attorney for Plaintiff, Joseph Greenwood, in all capacities**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Plaintiffs' First Amended Original Petition* was served on the following counsel of record on this 29th day of October, 2007 as follows:

Timothy J. Casper
Handlin & Associates
2777 Allen Parkway, Suite 370
Houston, Texas 77019


Steven O. Grubbs
Sheehy, Serpe & Ware, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1008


Micky Das
Tyler Das
2000 Bering Drive, Suite 370
Houston, Texas 77057

Robert R. Debes, Jr.

NO. 2007-31253



| | | |
|---|---|---|
| IAN GREENWOOD and CASEY | § | IN THE DISTRICT COURT |
| GREENWOOD and JOSEPH GREENWOOD | § | |
| Individually and as Representatives on behalf | § | |
| of the Estate of ROY GREENWOOD, | § | |
| Deceased | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY TOWER SERVICES, LTD | § | |
| and AMERICAN TOWER CORPORATION | § | 55TH JUDICIAL DISTRICT |

## ORDER GRANTING TRIAL CONTINUANCE

On this day came on to be considered the Plaintiff's and Defendants' Agreed Motion for Continuance of the trial in the above entitled and numbered cause, and the same being in all things considered, it is

ORDERED that this cause of action be continued from its present trial setting and re-set for the trial docket beginning on the 29th, day of September, 2008; it is further;

ORDERED that the following deadlines and parameters shall serve as this Court's docket control order for this case:

1.  2/11/08    **JOINDER**.    All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.              **EXPERT WITNESS DESIGNATION**. Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.

  (a)  6/20/08    Experts for Plaintiffs.
  (b)  7/21/08    All other experts.

3.  _____    **STATUS CONFERENCE**. Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:_____.
Failure to appear will be grounds for dismissal for want of prosecution.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

4.        **DISCOVERY LIMITATIONS**. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a) _____   Total hours per side for oral depositions.
(b) _____   Number of interrogatories that may be served by each party on any other party.

5.        **ALTERNATIVE DISPUTE RESOLUTION**.
(a) 7/18/08   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) 9/12/08   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. 9/22/08   **DISCOVERY PERIOD ENDS**. All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period.  Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.        **DISPOSITIVE MOTIONS AND PLEAS**.  Must be set for hearing or submission as follows:
(a) _____   If subject to an interlocutory appeal, dispositive motions or pleas must be set by this date.
(b) _____   Summary judgment motions not subject to an interlocutory appeal must be set by this date.
(c) _____   Rule 166a(i) motions may not be set before this date.

8. 9/15/08   **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. 9/08/08   **PLEADINGS**. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. 9/22/08   **PRE-TRIAL CONFERENCE OR DOCKET CALL**.
Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME: 11:00AM Failure to appear will be grounds for dismissal for want of prosecution.

11. 09/29//08   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED this _20th_ day of _Dec._, 2007.

_[signature]_

JUDGE PRESIDING

AGREED & ENTRY REQUESTED

DEBES LAW FIRM

By: _Bobby Debes, Jr_ ★ BY PERMISSION
            Robert R. Debes Jr (Bobby Debes).
            State Bar No.  05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 (Telephone)
(713) 623-0951 (Facsimile)

ATTORNEY FOR PLAINTIFFS, IAN GREENWOOD
AND CASEY GREENWOOD, INDIVIDUALLY AND
AS REPRESENTATIVES OF THE ESTATE OF
ROBERT GREENWOOD, DECEASED

TYLER & DAS

By: _Micky Das /MB_ ★ BY PERMISSION
            Mickey N. Das
            State Bar No. 05402300
2000 Bering, Suite 3700
Houston Texas 77057
(713) 739-1900 (Telephone)
(713) 739-8347 (Facsimile)

ATTORNEY FOR PLAINTIFF, JOSEPH
GREENWOOD, INDIVIDUALLY AND
REPRESENTATIVE OF THE ESTATE
OF ROBERT GREENWOOD, DECEASED

SHEEHY, SERPE & WARE, P.C.

By: _____

      Steven O. Grubbs
      State Bar No. 00796683
      Michael G. Brannon
      State Bar No. 24012324
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 951-1000 (Telephone)
(713) 289-2014 (Facsimile)

ATTORNEYS FOR DEFENDANT,
QUALITY TOWER, LTD.


HANDLIN & ASSOCIATES

By: _____

      Timothy J. Casper
      State Bar No. 00786925
2777 Allen Parkway, Suite 370
Houston, Texas 77019
(713) 831-4800 (Telephone)
(713) 831-4848 (Facsimile)

ATTORNEY FOR DEFENDANT,
AMERICAN TOWER, L.P.



CAUSE NO. 2007-31253

| | | |
|---|---|---|
| IAN GREENWOOD, CASEY GREENWOOD, and, JOSEPH GREENWOOD, Individually and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased <br> *Plaintiffs,* | § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| vs. | § <br> § | HARRIS COUNTY, TEXAS |
| QUALITY TOWER SERVICES, LTD., AMERICAN TOWER, L.P., and SPRINT SPECTRUM, L.P. d/b/a SPRINT SITES U.S.A. <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § | 55TH JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs, IAN GREENWOOD, CASEY GREENWOOD, and JOSEPH GREENWOOD, Individually, and as Representatives on behalf of the Estate of ROY GREENWOOD, deceased (collectively referred to as "Plaintiffs"), complaining of Defendants, QUALITY TOWER SERVICES, LTD., AMERICAN TOWER, L.P., and SPRINT SPECTRUM, L.P. d/b/a SPRINT SITES U.S.A., and for cause of action would respectfully show the Court as follows:

### I.
### Parties

IAN GREENWOOD, CASEY GREENWOOD, and JOSEPH GREENWOOD, are the surviving children of decedent Roy Greenwood. Together they bring this wrongful death action for the benefit of all, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.004(b).

The "survival" portion of this petition is brought by Ian Greenwood, Casey Greenwood, and Joseph Greenwood, as surviving children of Roy Greenwood. These individuals constitute all the legal heirs of Roy Greenwood, and these individuals qualify as the legal representative of the Estate of Roy Greenwood, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 71.021. No estate administration is pending, necessary, or required.

Plaintiff IAN GREENWOOD is a natural person and is a resident of Manila, Arkansas. Plaintiff CASEY GREENWOOD is a natural person and is a resident of Manila, Arkansas. Plaintiff JOSEPH GREENWOOD is a natural person and is a resident of Atlanta, Georgia. Decedent ROY GREENWOOD, died intestate and no will of decedent exists.

Defendant QUALITY TOWER SERVICES, LTD. ("Quality Tower") has appeared in this case and may be served with a copy of this pleading through its attorney, Steven O. Grubbs.

Defendant AMERICAN TOWER, L.P. ("American Tower") has appeared in this case and may be served with a copy of this pleading through its attorney, Timothy J. Casper.

Defendant SPRINT SPECTRUM, L.P. d/b/a SPRINT SITES U.S.A. ("Sprint") is a Foreign Limited Partnership doing business in the State of Texas. Said Defendant may be served with process herein by serving its registered agent for service of process as follows: Corporation Service Company, Registered Agent, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## II.
### Venue and Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this suit. All conditions precedent to the filing of this suit have occurred or been met. Defendant, Quality Tower Services, Ltd., maintains their principal offices in Harris County, Texas. Therefore, venue is proper in Harris County, Texas pursuant to *inter alia*, Section 15.002 of the Civil Practices & Remedies Code. Plaintiffs seeks damages within the jurisdictional limits of this Court.

## III.
### Brief Factual Background

On the afternoon of April 10, 2006, Roy Greenwood was working for his employer, Quality Tower Services, Ltd., at a cellular phone tower (the "Tower") located in The Woodlands, Texas. Roy was working with two other Quality Tower employees that day, Randy White and Brackston Jackson. Roy was up on the Tower about 155 - 160 feet high. Mr. Jackson and Mr. White were on the ground.

Roy's co-workers heard a "snap." They looked up and saw Roy falling to the earth, screaming desperately the whole way down. Despite suffering horrendous injuries, Roy survived the fall and was able to talk to his co-workers for a short period of time. Emergency personnel arrived soon thereafter, and despite their heroic efforts, Roy died.

The Occupational Safety and Health Administration (OSHA) conducted an investigation the day after the accident and found that Roy's employer, Quality Tower, violated OSHA fall protection standards in at least two regards: (1) failing to ensure that Roy had and utilized a "safety grab device"; and (2) failing to ensure that a lifeline was secure above the point of operation.

It was also later determined that a "wave guide bracket," which is used to secure coaxial cable to the Tower and known in the industry to be a point of tie off and/or support for climbers, had broken off. This wave guide bracket was inappropriately welded by Sprint, directly and/or through its hired, engaged, controlled or retained entities, to the Tower in close proximity to load bearing safety steps and/or load bearing climbing pegs.

The Tower is owned by American Tower and was constructed by and/or at the direction of American Tower. American Tower leased out various sections of the Tower to four (4) wireless cell phone companies, including Verizon Wireless, Cingular/AT&T, Sprint, and Cricket Wireless. On the day of Roy's accident, Roy was an "invitee," working on the Tower with the permission of American Tower and at the request of Cricket Wireless. Cricket Wireless had hired Quality Towers to install cellular phone antennas and associated materials on the Tower. Roy was on the crew assigned to do so.

## IV.
## Gross Negligence – Quality Tower Services

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant Quality Tower Services. Such acts and/or omissions, when viewed objectively from the standpoint of Quality Tower, constitute such an entire want of care as to show that the conduct in question was the result of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Said acts

and/or omissions constitute gross negligence as that term has meaning under Texas law. Specifically, without limitation, Plaintiffs allege the following:

1. Quality Tower failed to comply with the requirements and standards specified by the Occupational Safety and Health Administration (OSHA) for fall protection ;

2. Quality Tower failed to inspect the Tower for defects or hazards that could result in serious injuries or death;

3. Quality Tower failed to comply with the industry safety requirements and standards for individuals such as Roy Greenwood, working at great heights;

4. Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required in the use of safety devices;

5. Quality Tower failed to properly educate, train, and supervise employees such as Roy Greenwood, regarding the scope, purpose, authorization, rules, and techniques required to recognize and avoid hazards while working at great heights;

6. Quality Tower failed to perform annual and/or frequent inspections and review of the standard safety procedures and/or equipment used by employees such as Roy Greenwood;

7. Quality Tower failed to facilitate safety meetings on a regular basis for employees such as Roy Greenwood;

8. Quality Tower's failed to provide appropriate fall safety protection equipment and a safe work environment; and

9. Such other acts and/or omissions that may be developed during the discovery and trial phases of this suit.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were a proximate cause of Plaintiffs' damages as alleged herein and for which Plaintiffs sue.

## V.
## Negligence and Gross Negligence – American Tower

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant American Tower. Such acts and/or omissions constitute negligence and gross negligence as those terms have meaning under Texas law. Additionally, such acts and/or omissions, when viewed objectively from the standpoint of American Tower, constitute such an entire want of care as to show that the conduct in question was the result

of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Specifically and without limitation, Plaintiffs allege the following:

1.    Roy Greenwood, by and through his employer, Quality Tower, was a business invitee on the Tower constructed by and/or controlled by and/or and/or operated by and/or owned by American Tower;

2.    American Tower negligently constructed the Tower in question;

3.    To the extent American Tower is the property owner of the real property on which the Tower was erected, American Tower:

  (i)    exercised and retained some control (or the right of control) over the manner in which work by Roy Greenwood and/or Quality Tower was performed on the site and tower;

  (ii)   created and/or knew or should have known of the defective, dangerous, and/or negligent placement of the non-load bearing wave guide bracket in close proximity to load bearing safety steps; and

  (iii)  failed to adequately warn Roy Greenwood of the dangers associated with the placement of the non-load bearing wave guide brackets;

4.    American Tower failed to reduce or eliminate the dangers associated with the placement of the non-load bearing wave guide brackets; and

5.    Such other acts and/or omissions that constitute negligence and/or gross negligence and may be developed and/or established during the discovery trial phase of this matter.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were the proximate cause of Plaintiffs' damages and injuries for which Plaintiffs sue.

## VI.
## Negligence and Gross Negligence – Sprint

Plaintiffs allege that the death of their father, Roy Greenwood, was the direct and proximate cause of the acts and/or omissions of Defendant Sprint. Such acts and/or omissions constitute negligence and gross negligence as those terms have meaning under Texas law.  Additionally, such acts and/or omissions, when viewed objectively from the standpoint of Sprint, constitute such an entire want of care as to show that the conduct in question was the result of conscious indifference and created an extreme degree of risk to the rights, safety, and welfare of Roy Greenwood. Specifically and without limitation, Plaintiffs allege the following:

1.  Sprint, directly and/or through entities that it hired, engaged, controlled or retained was negligent in the placement of the wave guide bracket on the subject Tower;

2.  Sprint, directly and/or through entities that it hired, engaged, controlled or retained was negligent in the manner in which it welded the wave guide bracket on the subject Tower;

3.  Sprint, directly and/or through entities that it hired, engaged, controlled or retained to perform work at the subject Tower, created an additional risk to Roy Greenwood and others that would follow and/or do work on the subject Tower;

4.  Sprint failed to adequately warn Roy Greenwood and others of the dangers associated with its placement of the non-load bearing wave guide brackets;

5.  Sprint, directly and/or through entities that it hired, engaged, controlled or retained to perform work at the subject Tower, created a defective, hazardous and dangerous condition on the Tower for climbers such as Roy Greenwood;

6.  Sprint, directly and/or through entities that it hired, engaged, controlled or retained failed to reduce or eliminate the dangers associated with the placement of the non-load bearing wave guide brackets and other work it performed on the subject Tower; and

7.  Such other acts and/or omissions that constitute negligence and/or gross negligence and may be developed and/or established during the discovery trial phase of this matter.

Each and all of the foregoing acts or omissions, singularly and/or in combination, were the proximate cause of Plaintiffs' damages and injuries for which Plaintiffs sue.

## VII.
## Res Ipsa Loquitur

In addition and/or in alternative to the extent required by Texas law, Plaintiffs rely on the doctrine *Res Ipsa Loquitur*.

The construction, maintenance, and control of the Tower was within the exclusive control of American Tower. All attachments and alterations to the Tower had to be approved and authorized by American Tower. Said Defendant failed to properly inspect and maintain the Tower in a manner to avoid injuries and death such as Roy Greenwood. American Tower knew at all times that workers, such as Roy Greenwood, would be tasked with working at great heights upon the Tower. Roy Greenwood had no means of ascertaining whether the Tower that was owned and/or constructed and/or maintained and/or controlled by American Tower was safe for his job duties. The occurrence

causing death to Roy Greenwood, is one which in the ordinary course of events would not have occurred without the negligence and/or gross negligence of Defendant American Tower.

Such acts and/or omissions of negligence and/or gross negligence was a proximate cause of the damages sustained by Plaintiffs as alleged herein and for which Plaintiffs sue.

## VIII.
## Other Claims

Plaintiffs further assert all other legal causes of action against Defendants and any related entity of Defendants including any predecessors and successors in interest, any individuals who have fraudulently or otherwise depleted the assets of the Defendants herein, and any other person responsible for the loss alleged herein, which may exist at law arising from the facts and events described herein, including breach of express and implied warranty, negligence, negligent infliction of emotional distress, misrepresentation (statutory and common law) and all other legal theories cognizable at law which arise from the facts generally alleged herein. The named Defendants herein is sued as the agent of any unidentified culpable parties who will be substituted and/or added as named Defendants once identified to Plaintiffs.

## IX.
## Damages

Roy Greenwood, suffered fatal physical injuries due to the impact that resulted from his fall from the Tower. As a result, he sustained crushing blunt force trauma to his body, as well as severe conscious pain, suffering, and mental anguish. In addition, Plaintiffs have paid, or incurred liability to pay, reasonable and necessary medical expenses and/or reasonable and necessary funeral and burial expenses as a result of the actions and/or omissions of Defendants. Therefore, Plaintiffs hereby brings suit for all damages due in an amount in excess of the minimal jurisdictional limits of this Court.

Roy Greenwood, was fifty-one (51) years old at the time of his death. Mr. Greenwood had been employed by Defendant, Quality Tower, and reasonably expected to continue such employment until retirement. During his lifetime, Greenwood, was industrious and energetic, a father, and

provider. Mr. Greenwood was divorced, but still managed to give advice, counsel, comfort, and care to his three sons as best he knew how. In all reasonable probability, Mr. Greenwood would have continued to do so, and caring for and supporting his children, assisting in providing for their education and other needs.

As a result of the untimely death of Roy Greenwood, Plaintiffs have suffered and will continue to suffer into the future a pecuniary loss from his death, including loss of contributions of pecuniary value which they would have, in reasonable probability, received from Roy Greenwood, during their lifetime, had Mr. Greenwood lived, in the form of inheritance at his death. In addition, Plaintiffs have suffered, and will continue to suffer, damage to the child/parent relationship, including loss of love, affection, solace, comfort, companionship, society, assistance, emotional support, and love. All wrongful death beneficiaries suffered mental depression and anguish, grief, and sorrow as a result of the death of their father, and in all reasonable probability will continue to suffer for a long time into the future. For all the foregoing losses, Plaintiffs seeks damages in excess of the minimum jurisdictional limits of this Court.

In addition, the grievous conduct of Defendants, as outlined herein, constitutes conscious indifference to the rights of Plaintiffs, amounting to gross negligence as that term has meaning under Texas law, thereby justifying the imposition of exemplary damages in the greatest amount allowed by law. Plaintiffs, therefore, seek recovery of exemplary damages in an amount in excess of the minimal jurisdictional limits of this Court .

## X.
## Interest and Costs of Court

Plaintiffs further plead for pre-judgment and post-judgment interest at the highest maximum rate allowed by law and all costs of court.

## XI.
## Jury Demand

Plaintiffs hereby demand trial by jury.

## XII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that upon final trial, Plaintiffs have judgment against Defendants, jointly and severally, for the full amount of their actual damages, for exemplary damages, for pre-judgment and post-judgment interest, for costs of court and for such other and further relief, general or special, by law or statute, in law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**DEBES LAW FIRM**

ROBERT R. DEBES, JR.
State Bar No. 05626150
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
(713) 623-0900 Telephone
(713) 623-0951 Facsimile
**Attorney for Plaintiffs Ian and Casey
Greenwood in all capacities**

**TYLER &DAS**

MICKY N. DAS
State Bar No.05402300
2000 Bering Dr., Suite 370
Houston, Texas 77057
(713) 739-1900 Telephone
(713) 739-8347 Facsimile
**Attorney for Plaintiff Joseph Greenwood
in all capacities**

2ndAmendedOriginalPetition.wpd

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __6 th__ day of February 2008, a true and correct copy of the foregoing document was served on the below-listed counsel of record in compliance with the Texas Rules of Civil Procedure.

Steven O. Grubbs
Sheehy, Serpe & Ware, P.C.
909 Fannin, Suite 2500
Houston, TX 77010
*Counsel For Defendant Quality Tower Services, Ltd.*
**Via Facsimile (713) 289-2814**

Timothy J. Casper
Handlin & Associates
2777 Allen Pkwy., Suite 370
Houston, TX 77019
*Counsel For Defendant American Tower Corporation*
**Via Facsimile (713) 831-4848**

Robert R. Debes, Jr.
Debes Law Firm
17 South Briar Hollow Lane, Ste. 302
Houston, TX 77027
*Counsel for Plaintiffs Ian and Casey Greenwood*
**Via Facsimile (713) 623-0951**

Micky N. Das